# Commonwealth *v.* Pohan, Appellant.

*Criminal law — Selling liquor without license — Horke Vino — Medicinal properties—Volstead Act—Evidence—Sufficiency.*

Upon an indictment for selling liquor without a license in violation of the Act of May 13, 1887, P. L. 108, (Brooks License Law) evidence that defendant sold large quantities of a liquid called "Horke Vino" which purported by its label to contain 18 to 20 per cent alcohol, and that customers became intoxicated in his place of business, is sufficient to sustain a conviction. It is no answer to the accusation that the defendant sold the preparation as medicine, or that it was a lawful article of commerce, under the Volstead Act, for the defendant had no authority to sell alcoholic compounds as medicine.

Argued April 12, 1921.   Appeal, No. 112, April T., 1921, by defendant, from sentence of Q. S. of Somerset County, Sept. Sessions, 1920, No. 56, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Charles Pohan.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Indictment for selling liquor without a license.   Before BERKEY, P. J.

From the record it appeared that the defendant conducted a general merchandise store in which he sold Horke Vino.   The testimony of the Commonwealth was that men got drunk in the store and were seen coming out with bottles.   The defendant alleged that he sold Horke Vino only to those who needed it for medicine. A bottle of the liquid bought at the defendant's store was admitted in evidence and the jury was allowed to take it into the jury room with them.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were refusal to quash the indictment, and admission in evidence of bottle and contents, alleged to have been sold by defendant.

*Norman T. Boose,* for appellant.—Since the adoption of the Eighteenth Amendment and the passage of the Volstead Act, regulation of the liquor traffic is wholly a federal matter, except for concurrent power in the states to aid in enforcement of the amendment: Com. v. Nickerson, (Mass.) 128 N. E. 273; Rhode Island v. Palmer, 252 U. S. 612.

*W. Curtis Truxal,* District Attorney, for appellee.— Refusal of a motion to quash an indictment cannot be assigned as error: Com. v. Swallow, 8 Pa. Superior Ct. 539; Com. v. Roth, 8 Pa. Superior Ct. 220.

The Act of 1887 forbids the sale of liquor without a license no matter what the alcoholic content may be:

Com. v. Wenzel, 24 Pa. Superior Ct. 467; Com. v. Rey-burg, 122 Pa. 299; Hatfield v. Com., 120 Pa. 395.

The Volstead Act and the 18th Amendment only render inoperative such parts of the Brooks Law as are in direct conflict with their provisions: Hoover v. Ober, 42 Pa. Superior Ct. 308; Ruppert v. Caffey, 251 U. S. 264.

Opinion by Henderson, J., July 14, 1921:

The material questions raised in this appeal are answered in the decision of this court in Commonwealth v. Vigliotti, 75 Pa. Superior Ct. 366, and of the Supreme Court in the same case in an opinion filed May 26, 1921, and further discussion of the assignments is unnecessary. There was sufficient evidence that the article sold was within the prohibited class. The packages delivered bore the statement in the labels thereon that the liquid contained from 18 to 20% of alcohol. As the defendant sold it with that statement he impliedly made the representation to that effect and there is no evidence to the contrary. Moreover, there was testimony that men became intoxicated in his place of business and that he sold large quantities of a compound called Horke Vino; on the packages of which was the statement that the compound contained from 18 to 20% of alcohol. The quantity dealt in, the habits of the purchasers, and the conditions under which the business were carried on were all properly submitted to the jury as bearing on the question of the quality of the thing sold and the guilty knowledge of the defendant. It was not an answer to the accusation that the defendant sold the stuff as medicine. He was not authorized to sell alcoholic compounds as medicine.

The assignments are overruled; the judgment is affirmed, and the record remitted to the court below. And it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.